JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-0002 JGB (DTBx) | Date | November 13, 2024 |
| Title | *Jeffrey Stuart Walker v. Sutton National Insurance Company et al.* | | |

Present: The Honorable  JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):

None Present  None Present

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 42); and (2) VACATING the November 18, 2024 Hearing (IN CHAMBERS)

Before the Court is a motion to remand filed by plaintiff Jeffrey Walker. ("Motion," Dkt. No. 42.) The Court finds the matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the hearing set for November 18, 2024.

On October 17, 2023, Plaintiff Jeffrey Walker ("Plaintiff") filed a complaint in the Superior Court of California for the County of San Bernardino against defendant Sutton National Insurance Company ("Sutton"), Bamboo Ide8 Insurance Services, LLC ("Bamboo"), and Does 1 through 50, inclusive. ("Complaint," Dkt. No. 1-1.)

On January 2, 2024, Sutton and Bamboo removed the case to federal court pursuant to 28 U.S.C. § 1441(b). ("NOR," Dkt. No. 1.) At the time of the removal, there was complete diversity of the parties and an amount in controversy of over $75,000. (*See id.*; 28 U.S.C. § 1332(a)(1).) Specifically, Plaintiff is a citizen of the State of California (NOR ¶ 7); Sutton is incorporated in Oklahoma, with its principal place of business in Florida (*Id.*); and Bamboo is a Limited Liability Company with its sole member, John Chu, being a citizen of Utah (*Id.* ¶ 3). Plaintiff sought economic damages exceeding $675,000.00 and punitive damages in the amount of $3,000,000.00. (*Id.* ¶ 6.)

On May 16, 2024, Plaintiff filed a second amended complaint against Sutton and newly added defendant Lizarraga Insurance Agency, Inc. ("Lizarraga"). ("SAC," Dkt. No. 26.) Bamboo

was terminated as a party.  (See id.)  The SAC alleges four causes of action: (1) breach of contractual duty to pay a covered claim, (2) damages for bad faith, (3) negligence, and (4) declaratory relief.  (Id.)

On October 22, 2024, Plaintiff filed this Motion.  Plaintiff argues that with the addition of defendant Lizarraga, which like Plaintiff is a citizen of California, there is no longer complete diversity.  (Motion at 4.)

On October 28, 2024, Sutton filed a notice of non-opposition to Plaintiff's motion.  ("Non-Opposition," Dkt. No. 44.)  Sutton indicated it "has no intention of opposing Plaintiff's motion as it agrees the Court lacks the requisite diversity jurisdiction now that Defendant Lizarraga Insurance Agency has been added as a named defendant."  (Id. at 1.)

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).  As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332.  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

Plaintiff Walker and defendant Lizarraga are both citizens of California.  Plaintiff is an individual residing in San Bernardino County, California.  (SAC ¶ 1.)  Lizarraga is an insurance agency incorporated in California, with its main office in Murrieta, California.  (Id. ¶ 3).  Section 1332 provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."  28 U.S.C. § 1332(c)(1).  Accordingly, both Plaintiff and Lizarraga are citizens of California.  As such, the civil action lacks complete diversity and this Court lacks jurisdiction over the action.
!
For the above reasons, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this action to the California Superior Court for the County of San Bernardino.  The Court **VACATES** the November 18, 2024 hearing. The Clerk is directed to **CLOSE** the case.

**IT IS SO ORDERED.**